STATE of Maine

v.

Michael CAREY.

Supreme Judicial Court of Maine.

May 15, 1972.

Joseph E. Brennan, County Atty., Clifford Goodall, Law Student, Portland, for plaintiff.

Wilson, Steinfeld, Murrell & Lane by Henry Steinfeld, Thomas P. Wilson, Portland, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, WERNICK and ARCHIBALD, JJ.

ARCHIBALD, Justice.

On appeal. The defendant was indicted, tried before a jury and convicted of assault and battery of a high and aggravated nature. The issues on appeal as stated in the appellant's brief are as follows:

"I. WHETHER THE COURT ERRED IN REFUSING TO ALLOW THE DEFENDANT TO INTRODUCE INTO EVIDENCE [a witness'] JUVENILE RECORD FOR THE PURPOSE OF IMPEACHING HIM FOR INTEREST, AND THEREBY DENIED THE DEFENDANT HIS FEDERAL AND STATE CONSTITUTIONAL RIGHT TO BE CONFRONTED BY THE WITNESSES AGAINST HIM?

II. WHETHER THE MISCONDUCT OF THE JURY FOREMAN IN TAKING WRITTEN NOTES DURING THE COURSE OF THE TRIAL MIGHT HAVE INFLUENCED THE JURORS' MINDS OR AFFECTED THE PURITY OF THE VERDICT?"

The facts are brief. A deputy sheriff stopped at the scene of what he felt to be

an automobile accident and found there the appellant with a sixteen year old companion. The deputy sheriff understood that a State Police Officer was due to arrive shortly in order to complete an accident report and he, therefore, requested the appellant to wait for the arrival of the State Trooper. The deputy further testified that without any provocation the appellant struck him with his fist, knocked him down and kicked him several times about the head while he was lying on the ground. This conduct was verified by the testimony of the sixteen year old witness.

During cross-examination of the deputy sheriff, who acknowledged an acquaintanceship with the juvenile witness of approximately three years, he was asked, "and under what circumstances do you know him?" The record then discloses this offer of proof and the Court's ruling:

"MR. STEINFELD: I have evidence that I can present to the Court in the absence of the Jury that this man is a juvenile, he is on probation and if he didn't come in and tell the Jury he would have been lifted from his probation. I have a witness that can verify these statements. That is important for the Court and the Jury to know.

THE COURT: We will take it up when we get there. You can't offer it now because it is a juvenile offense. You cannot show the record. You are aware of that?"

In the ensuing cross-examination the deputy sheriff was never asked whether he, in fact, made such a threat to the juvenile witness nor was the juvenile witness asked this question, either on direct or cross-examination. However, the appellant introduced a witness who was allowed to testify that she knew the juvenile was on probation and had heard the juvenile state "that he had to come in and testify for Mr.

Cotton [the Deputy Sheriff] because if he didn't that Mr. Cotton was going to get him and he was out to get him because he is on parole."

The appellant also testified as follows:

"He's on probation and he said he won't go to court and testify against me. He says he's got to because Myron would drop his probation on him if he didn't go to court."

██ It is perfectly clear that the Justice below did not restrict cross-examination to prevent impeachment of the juvenile's testimony by excluding the evidence of a threatened probation revocation. He was explicit that the juvenile record *per se* was not admissible evidence. The Justice below, however, by his ruling did not prevent cross-examination bearing on any threats made to the juvenile by the deputy, or exclude evidence that the juvenile was, in fact, on probation.

The statute controlling the use of the records of juvenile offenders contains very clear and unequivocal language. After limiting the use of the juvenile record to parents and others directly concerned with juvenile problems, the statute provides:

"No record of, and no testimony concerning, any proceeding under chapters 401 to 409 [Maine Juvenile Offender Law] shall be competent evidence in any proceeding other than proceedings under chapters 401 to 409 . . . ." 15 M.R.S.A. § 2606.

The purpose here to be served was not to impeach the witness by merely showing his juvenile record (as might be the case if the witness were an adult with a criminal record[1]) but, rather, to impeach him by showing that his testimony may have been influenced by the threat of probation revocation. The ruling complained of clearly and properly recognized this distinction.

---

1. "No person is incompetent to testify in any court or legal proceeding in consequence of having been convicted of an offense, but conviction of a felony, any larceny or any other crime involving moral turpitude may be shown to affect his credibility." 16 M.R.S.A. § 56.

In no way was the defendant prevented from impeaching the juvenile witness by showing that he was, in fact, on probation and that improper suggestions may have been made to him by the Deputy Sheriff to cause the juvenile to testify in support of the State's position. The fact that the appellant did not take advantage of the opportunity afforded is no ground upon which his appeal can be sustained.

■ The second point raised by the appeal is not properly before us but is, in any case, without merit. At the conclusion of the Court's instruction to the jury, defense counsel stated to the Judge: "Your Foreman has been taking notes." The Justice then spoke to the foreman and stated:

"I just want to tell you, Mr. Steinfeld, that I spoke to the Foreman about the notes that he took and the only notes that he took was [sic] to identify the individuals by name. He took no evidentiary notes. He has left the notebook here in the Courtroom."

■■ There is not the slightest suggestion of any prejudice resulting to the appellant from these facts. Furthermore, it is clear that the conduct of the Justice in removing the notebook from the foreman was the exercise of sound discretion. The appellant registered no objection to the procedure adopted by the Justice, nor did he move for a mistrial. Following a verdict of guilty, the appellant is in no position to urge that he should be allowed to make this motion retroactively. *See* State v. Mimmovich, (Me.1971) 284 A.2d 282.

The entry is

Appeal denied.